U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 8-26-05
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TIMOTHY ELLIS DAVIS, ET AL. | CIVIL ACTION

VERSUS | NO. 03-2230
Ref: 03-2262

PETROLEUM HELICOPTERS, INC., ET AL. | SECTION "L" (3)

# JURY INSTRUCTIONS, AUGUST 25, 2005

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, AT THIS TIME, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THE CASE.

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENTS THAT I HAVE MADE DURING THE COURSE OF



Fee
Process
X Dktd
CtRmDep
Doc.No.

THE TRIAL, WHETHER TO COUNSEL OR WITNESSES OR TO YOU, OR THAT I MAKE IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION AS TO THE FACTS OF THIS CASE. IT IS YOUR RESPONSIBILITY TO DETERMINE THE FACTS.

IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE--THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS--IT IS YOUR SWORN DUTY TO FOLLOW THE LAW AS I EXPLAIN IT TO YOU AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL

PERSONS AND CORPORATIONS OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD. REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

"DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF THEIR CLAIMS BY A "PREPONDERANCE OF THE EVIDENCE." A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A "PREPONDERANCE OF THE EVIDENCE" MERELY MEANS TO PROVE THAT THE CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A "PREPONDERANCE OF THE EVIDENCE" IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFFS' CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

AS I HAVE STATED, THE PLAINTIFF NEED PROVE HIS CASE ONLY BY A PREPONDERANCE OF THE EVIDENCE. HE NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND HE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN THEIR FAVOR.

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS IN THIS CASE. THIS MEANS THAT BOTH SIDES AGREE THAT THESE FACTS ARE TRUE AND YOU MUST TREAT STIPULATED FACTS AS HAVING BEEN PROVED.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IN WEIGHING THE CONDUCT OF A WITNESS OR HIS OR HER TESTIMONY, YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A

WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINIONS

ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO REJECT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL OR OTHER INTEREST IN THE OUTCOME OF THE CASE.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OF EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR

SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

ADDITIONALLY, ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

THIS IS A CIVIL CASE. IT INVOLVES THE CRASH OR FORCED LANDING OF A HELICOPTER IN THE GULF OF MEXICO ABOUT 45 MILES SOUTH OF BOOTHVILLE, LOUISIANA. THE HELICOPTER WAS OWNED BY PETROLEUM HELICOPTERS, INC. AND OPERATED BY SUN WINN, AN EMPLOYEE OF PETROLEUM HELICOPTERS, INC. IT WAS BEING USED TO TRANSPORT MEN TO AND FROM VARIOUS OFFSHORE FACILITIES IN THE GULF OF MEXICO.

TIM DAVIS, THE PASSENGER, CLAIMS THAT HE SUSTAINED PERSONAL INJURIES AS A RESULT OF THIS INCIDENT AND HAS FILED SUIT AGAINST PETROLEUM HELICOPTERS, INC., ITS EMPLOYEE, THE PILOT, SUN WINN, AND SKF USA, INC. TO RECOVER MONETARY DAMAGES. TIM DAVIS ALLEGES THAT THE INCIDENT WAS CAUSED BY A MANUFACTURING DEFECT IN A RADIAL LIP OIL SEAL USED IN THE HELICOPTER'S ENGINE FOR WHICH SKF USA, INC. IS

LIABLE AS MANUFACTURER AND/OR NEGLIGENCE ON THE PART OF PETROLEUM HELICOPTERS, INC., SUN WINN, AND ITS OTHER EMPLOYEES IN EITHER FAULTY INSTALLATION, MAINTENANCE, OR OPERATION.

PETROLEUM HELICOPTERS, INC. HAS DENIED ANY NEGLIGENCE ON ITS PART OR THAT OF SUN WINN AND ITS OTHER EMPLOYEES, AND IT HAS FILED SUIT AGAINST SKF USA, INC. TO RECOVER FOR THE LOSS OF ITS HELICOPTER AND DAMAGES RELATED TO ITS RETRIEVAL AND STORAGE. IT CLAIMS THAT THE INCIDENT WAS SOLELY CAUSED BY THE DEFECTIVE CONDITION OF A RADIAL LIP OIL SEAL USED IN THE HELICOPTER'S ENGINE FOR WHICH SKF USA, INC. IS LIABLE AS MANUFACUTRER.

SKF USA, INC. DENIES THE EXISTENCE OF ANY MANUFACTURING DEFECT OR NEGLIGENCE ON ITS PART. IT CLAIMS THAT THE CRASH OR FORCED LANDING WAS CAUSED BY A DROP IN OIL PRESSURE DUE TO A LOSS OF OIL BECAUSE OF THE NEGLIGENT INSTALLATION OF THE SEAL BY PHI AND/OR OTHER NEGLIGENCE BY PETROLEUM HELICOPTERS, INC. AND ITS PILOT, SUN WINN.

LET ME NOW DISCUSS THE LAW APPLICABLE TO THESE CLAIMS:

**1. TIM DAVIS CLAIMS AGAINST SKF USA, INC.**

**2. PETROLEUM HELICOPTERS, INC. CLAIMS AGAINST SKF USA, INC.**

TIM DAVIS' CLAIMS AND PETROLEUM HELICOPTERS, INC.'S CLAIMS AGAINST SKF USA, INC. ARISE UNDER PRODUCTS LIABILITY LAW. THESE CLAIMS ARE SEPARATE AND DISTINCT FROM EACH OTHER. TIM DAVIS SEEKS

RECOVERY FOR PERSONAL INJURIES WHICH HE CLAIMS HE SUFFERED AS A RESULT OF THE INCIDENT. PETROLEUM HELICOPTERS, INC. SEEKS RECOVERY FOR PROPERTY DAMAGE AND OTHER RELATED DAMAGES THAT IT CLAIMS IT INCURRED AS A RESULT OF THE LOSS OF ITS HELICOPTER.

UNDER PRODUCTS LIABILITY LAW, A MANUFACTURER OF A PRODUCT IS LIABLE TO A CLAIMANT FOR DAMAGES PROXIMATELY CAUSED BY A CHARACTERISTIC OF A PRODUCT THAT RENDERS THE PRODUCT UNREASONABLY DANGEROUS WHEN SUCH DAMAGE AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT. IN ESSENCE, THIS LAW ALLOWS A PLAINTIFF TO RECOVER DAMAGES FROM A MANUFACTURER IF THE PLAINTIFF PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT HIS OR HER DAMAGAES WERE PROXIMATELY CAUSED BY A PRODUCT AND THAT THE PRODUCT WAS UNREASONABLY DANGEROUS.

AS I HAVE MENTIONED, BOTH TIM DAVIS AND PETROLEUM HELICOPTERS, INC. ASSERT THAT SKF USA, INC. MANUFACTURED AN UNREASONABLY DANGEROUS PRODUCT—THE RADIAL LIP OIL SEAL ON THE POWER TAKEOFF SHAFT— AND THAT THE DEFECTIVE CONDITION OF THIS SEAL WAS THE PROXIMATE CAUSE OF THEIR RESPECTIVE DAMAGES. IN THIS CASE THE PLAINTIFFS ALLEGE THE SEAL WAS UNREASONABLY DANGEROUS IN ITS CONSTRUCTION OR COMPOSITION.

UNDER THE LAW, A PRODUCT IS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION IF, AT THE TIME THE PRODUCT LEFT THE

MANUFACTURER'S CONTROL, IT DEVIATED IN A MATERIAL WAY FROM THE SPECIFICATIONS OR PERFORMANCE STANDARDS FOR THE PRODUCT OR FROM OTHERWISE IDENTICAL PRODUCTS MANUFACTURED BY THE SAME MANUFACTURER.

ACCORDINGLY, A PLAINTIFF MUST DEMONSTRATE NOT ONLY WHAT A MANUFACTURER'S SPECIFICATIONS OR PERFORMANCE STANDARDS ARE FOR A PARTICULAR PRODUCT, BUT HOW THE PRODUCT IN QUESTION MATERIALLY DEVIATED FROM THOSE STANDARDS SO AS TO RENDER IT UNREASONABLY DANGEROUS.

FOR YOU TO FIND THAT SKF USA, INC. IS LIABLE TO EITHER TIM DAVIS OR PETROLEUM HELICOPTERS, INC., YOU MUST FIND THAT SKF USA, INC. (1) MANUFACTURED THE SEAL IN ISSUE; (2) THAT THE SEAL WAS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION; AND (3) THAT THE DEFECT IN THE SEAL IN ISSUE RESULTED IN INJURY OR DAMAGES TO EITHER OR BOTH THE PLAINTIFFS.

**3. TIM DAVIS' CLAIMS AGAINST PETROLEUM HELICOPTERS INC., SUN WINN, AND OTHER EMPLOYEES FOR NEGLIGENT MAINTENANCE AND/OR OPERATION OF THE HELICOPTER**

TIM DAVIS ALSO CLAIMS THAT THE CRASH OR FORCED LANDING WAS CAUSED BY THE NEGLIGENT INSTALLATION OF A SEAL IN THE HELICOPTER'S NUMBER TWO ENGINE AND/OR THE NEGLIGENCE OF ITS PILOT, SUN WINN, AND, THAT THIS NEGLIGENCE WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES AND RESULTANT DAMAGES. AN INJURY IS "PROXIMATELY CAUSED" BY AN ACT

WHENEVER IT APPEARS FROM A PREPONDERANCE OF THE EVIDENCE THAT THE ACT PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY OR THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE ACT OR FAILURE TO ACT. NEGLIGENCE IS THE FAILURE TO USE REASONABLE CARE. REASONABLE CARE IS THAT DEGREE OF CARE WHICH A REASONABLY CAREFUL PERSON WOULD USE UNDER LIKE OR SIMILAR CIRCUMSTANCES. NEGLIGENCE MAY CONSIST OF EITHER DOING SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD NOT DO UNDER LIKE OR SIMILAR CIRCUMSTANCES, OR IN FAILING TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO UNDER LIKE OR SIMILAR CIRCUMSTANCES. THE OWNER OF A HELICOPTER OWES A DUTY TO A PASSENGER TO EXERCISE ORDINARY CARE IN MAINTAINING THE HELICOPTER IN A REASONABLY SAFE CONDITION. THE PILOT IN COMMAND OF A HELICOPTER OWES A DUTY TO A PASSENGER TO OPERATE THE HELICOPTER IN A REASONABLY SAFE MANNER.

FURTHERMORE, UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR, AN EMPLOYER MAY BE HELD LIABLE FOR THE NEGLIGENT ACTS OF ITS EMPLOYEES WHEN THE EMPLOYEES ARE ACTING IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT. THEREFORE, IN THIS CASE, IF YOU FIND THAT ANY OF PETROLEUM HELICOPTERS, INC.'S EMPLOYEES, NAMELY THE HELICOPTER PILOT, SUN WINN, OR MECHANIC WHO INSTALLED THE SEAL, WERE NEGLIGENT AND THAT THEY WERE ACTING IN THE COURSE AND SCOPE OF THEIR EMPLOYMENT,

YOU MAY FIND PETROLEUM HELICOPTERS, INC. LIABLE FOR THESE ACTIONS.

NOW LET ME TALK TO YOU ABOUT DAMAGES. "DAMAGES" IS THE TERM WHICH EXPRESSES IN DOLLARS AND CENTS THE INJURIES SUSTAINED BY THE PLAINTIFF.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFFS' DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFFS SHOULD, OR SHOULD NOT, RECOVER ANY AMOUNT. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE PLAINTIFFS SUFFERED DAMAGES AS A RESULT OF THE DEFENDANTS' FAULT. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE PLAINTIFFS WERE INJURED AS A RESULT OF A DEFENDANT'S FAULT AND THAT THE PLAINTIFFS ARE ENTITLED TO RECOVER MONEY FROM A DEFENDANT.

TIM DAVIS CLAIMS THAT HE HAS SUFFERED PERSONAL INJURIES AS A RESULT OF THE CRASH OR FORCED LANDING, WHICH WAS CAUSED BY THE FAULT OF SKF USA, INC. AND/OR PETROLEUM HELICOPTERS, INC., SUN WINN, AND/OR OTHER EMPLOYEES. PETROLEUM HELICOPTERS, INC. CLAIMS THAT IT HAS SUFFERED PROPERTY DAMAGES AND OTHER ASSOCIATED LOSSES AS A RESULT OF ITS HELICOPTER BECOMING IMMERSED IN SALT WATER, WHICH IT ASSERTS WAS CAUSED BY THE FAULT OF SKF USA, INC.

IF A PLAINTIFF PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT HIS OR ITS RESPECTIVE INJURIES OR DAMAGES WERE CAUSED BY A

DEFENDANT'S FAILURE TO FULFILL ITS LEGAL OBLIGATIONS, YOU MUST DETERMINE THE AMOUNT OF DAMAGES TO WHICH THE PLAINTIFF OR PLAINTIFFS ARE EACH ENTITLED.

YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE A PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE OR IT SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES OR DAMAGES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' FAULT. THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE A DEFENDANT. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH A PLAINTIFF ACTUALLY SUFFERED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT A PLAINTIFF PROVE THE AMOUNT

OF LOSS WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

TIM DAVIS HAS CLAIMED PERSONAL INJURIES RESULTING FROM THE ACCIDENT. THE DAMAGES FOR PERSONAL INJURY CANNOT BE ASSESSED BY ANY FIXED RULE, BUT YOU ARE THE SOLE JUDGES AS TO THE MEASURE OF DAMAGES IN THIS CASE. YOU MAY CONSIDER THE FOLLOWING FACTORS TO DETERMINE THE AMOUNT OF DAMAGES TO AWARD AS MAY BE SHOWN BY A PREPONDERANCE OF THE EVIDENCE:

1. THE TYPE OF INJURIES TO THE PLAINTIFF, TIM DAVIS, IF ANY, AND THEIR DURATION.

2. PAST, PRESENT, AND FUTURE PHYSICAL PAIN AND SUFFERING AND RESULTING MENTAL ANGUISH, IF ANY, SUFFERED BY TIM DAVIS.

3. REASONABLE AND NECESSARY MEDICAL EXPENSES ALREADY INCURRED BY TIM DAVIS AND THOSE WHICH ARE REASONABLY PROBABLE TO BE INCURRED IN THE FUTURE, IF ANY.

4. ANY FUTURE IMPAIRMENT THAT IS REASONABLY PROBABLE TO OCCUR AND ITS DURATION.

PETROLEUM HELICOPTERS, INC. HAS CLAIMED PROPERTY DAMAGES AND ASSOCIATED DAMAGES FROM THE ACCIDENT. PETROLEUM HELICOPTERS, INC.

CLAIMS THAT IT HAS SUFFERED A "TOTAL LOSS" OF ITS HELICOPTER ALONG WITH RECOVERY LOSSES AND STORAGE LOSSESS. A "TOTAL LOSS" OCCURS WHEN THE COST OF REPAIRING THE ITEM IS GREATER THAN ITS FAIR MARKET VALUE BEFORE THE ACCIDENT. DAMAGES FOR A "TOTAL LOSS" EQUAL THE FAIR MARKET VALUE OF THE HELICOPTER PRIOR TO THE ACCIDENT MINUS ITS FAIR MARKET VALUE AFTER THE ACCIDENT. TO PROVE A "TOTAL LOSS," A PLAINTIFF MUST INTRODUCE EVIDENCE TO SHOW: (1) THE VALUE OF THE PROPERTY BEFORE THE ACCIDENT; (2) THAT THE COSTS TO REPAIR THE PROPERTY WOULD EXCEED THIS VALUE; AND (3) THE VALUE AFTER THE ACCIDENT. WHERE THE PLAINTIFF COULD AVOID A TOTAL LOSS OF THE DAMAGED PROPERTY BY REPAIRING IT, THE MITIGATION DOCTRINE REQUIRES THAT HE TAKE REASONABLE STEPS TO DO SO; IN RETURN HE WOULD BE ALLOWED TO RECOVER THE COSTS OF THOSE REPAIRS UP TO THE FAIR MARKET VALUE OF THE PROPERTY.

SHOULD YOU FIND FOR THE PLAINTIFFS IN THIS CASE, YOU MUST FIX THE AMOUNT OF YOUR VERDICT FOR EACH PLAINTIFF AND RETURN IT AGAINST EACH OF THE DEFENDANTS WHOM YOU FIND LIABLE. EACH DEFENDANT SHALL BE LIABLE FOR ONLY THE AMOUNT OF DAMAGES ALLOCATED TO THE DEFENDANT IN DIRECT PROPORTION TO ITS PERCENTAGE OF FAULT, IF ANY. THEREFORE, YOU MUST FIRST DETERMINE WHICH, IF ANY, OF THE DEFENDANTS IS LIABLE TO THE PLAINTIFF. NEXT, YOU MUST ASSIGN EACH DEFENDANT, WHO IS LIABLE, A PERCENTAGE OF FAULT. AFTER THIS, YOU MUST FIX THE TOTAL

AMOUNT OF YOUR VERDICT FOR THE PLAINTIFFS, IF ANY, IN ACCORDANCE WITH THE OTHER INSTRUCTIONS OF THIS COURT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE VERDICT FORM WHICH I HAVE GIVEN TO YOU. DO NOT ALLOCATE A SPECIFIC DOLLAR AMOUNT OF DAMAGES TO ANY ONE DEFENDANT. I WILL ALLOCATE THE DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF NEGLIGENCE THAT YOU ASSIGN TO THE EACH DEFENDANT.

A DEFENDANT IS NOT ENTITLED TO HAVE THE DAMAGES FOR WHICH IT IS LIABLE REDUCED BY PROVING THAT THE PLAINTIFF HAS RECEIVED OR WILL RECEIVE COMPENSATION FOR THE LOSS FROM ANOTHER SOURCE WHOLLY SEPARATE FROM THE DEFENDANT. IN OTHER WORDS, YOU SHOULD NOT REDUCE THE AMOUNT WHICH YOU AWARD THE PLAINTIFF BECAUSE OF ANY PAYMENTS WHICH MAY HAVE BEEN MADE BY INSURANCE OR MEDICARE. THEREFORE, SHOULD YOU FIND THAT ANY OF THE DEFENDANTS IS LIABLE TO ANY OF THE PLAINTIFFS FOR DAMAGES, YOU SHOULD DISREGARD ANY EVIDENCE OF PAYMENTS MADE BY ANOTHER SOURCE AND CONSIDER THE TOTAL AMOUNT OF THE DAMAGES.

SUGGESTIONS AS TO THE AMOUNT OF DAMAGES THAT SHOULD BE AWARDED ARE MERE ARGUMENTS OF COUNSEL. YOU MAY CONSIDER THEM AND USE THEM ONLY AS GUIDELINES TO WHATEVER EXTENT THEY MAY AID YOU IN ARRIVING AT A REASONABLE AND JUST AWARD IN VIEW OF THE EVIDENCE. BUT YOU ARE IN NO WAY BOUND BY, NOR SHOULD YOU USE, ANY

RIGID MATHEMATICAL FORMULA. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION AND MUST BE BASED ON COMPETENT EVIDENCE.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. THAT IS FOR YOU TO DECIDE.

**CONCLUDING INSTRUCTIONS**

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AN AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

**VERDICT FORM**

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE

AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. YOUR VERDICT MUST BE UNANIMOUS ON EACH AND EVERY INTERROGATORY YOU ARE CALLED ON TO DECIDE.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

**[READ THE VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL AS EXHIBITS WHICH THE COURT HAS ADMITTED INTO EVIDENCE. SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS

OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM, SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.